# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

**CHRISTOPHER GORE,**

        Defendant.

**CRIMINAL COMPLAINT**

Case Number: 26-mj-13-H

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

## COUNT ONE

On or about January 19, 2026, in the District of Wyoming, the Defendant, **CHRISTOPHER GORE**, did knowingly, intentionally, and unlawfully possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

## COUNT TWO

On or about January 19, 2026, in the District of Wyoming, the Defendant, **CHRISTOPHER GORE**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, namely, a Springfield brand handgun, with serial number GM889110, and the firearm was in and affecting commerce.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

I further state that I am a Special Agent Tyler Houser with the Wyoming Division of Criminal Investigation and that this complaint is based on the following facts:

***(See attached Sworn Statement)***

Continued on the attached sheet and made a part hereof.

_____
Signature of Complainant
TYLER HOUSER

Sworn and attested by the applicant before me by telephone, bearing a previous signature submitted by email communication in accordance with the requirements of Fed. R. Crim. P. 4.1,

March 27, 2026      at    Mammoth, Wyoming
Date             City and State

HON. STEPHANIE HAMBRICK
Magistrate Judge
Name & Title of Judicial Officer      Signature of Judicial Officer

2

## SWORN STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT
## SPECIAL AGENT TYLER HOUSER
## U.S. v. CHRISTOPHER GORE

## INVESTIGATOR BACKGROUND

Special Agent (SA) Tyler Houser, being duly sworn, depose and state the following:

1. SA Houser is a current law enforcement officer with the Mills Police Department, currently assigned as a task force officer with the Wyoming Division of Criminal Investigation (DCI). SA Houser has been employed as a peace officer in the state of Wyoming for [4] years and has received extensive training in criminal investigations and interdiction.

2. SA Houser is a graduate of the Wyoming Law Enforcement Academy, where he has completed an intensive course of study in criminal law, investigative techniques, and law enforcement procedures.

3. Additionally, SA Houser is a current member of the Natrona County Special Response Team (SRT), which provides him with specialized training and experience in tactical operations, crisis response, high-risk situations, and execution of court ordered search warrants.

4. SA Houser's experience includes conducting numerous criminal investigations, including but not limited to narcotics trafficking, property crimes, and other felony offenses. This experience has allowed SA Houser to develop a thorough understanding of criminal patterns and behavior, and to successfully execute interdiction operations.

5. SA Houser has attended the Wyoming Division of Criminal Investigation Basic course. This training and experience has included a multitude of investigative tactics and techniques involving the cultivation, use, and management of confidential informants;

1

employment of technical and non-technical surveillance; evidentiary exploitation of documents, electronic media; the recognition of controlled substances; the recognition and knowledge of paraphernalia used for the ingestion, distribution, manufacture, packaging, and storage of controlled substances; the recognition and identification of stolen property, to include the various means of distribution, packaging, and storage of such property, as well as the different means and methods used by individuals to contact and communicate with others for purposes of arranging and/or executing controlled substance and/or stolen property transactions. SA Houser has initiated and/or assisted and/or testified in numerous investigations of controlled substance violations in Municipal and State court. SA Houser has prepared and executed numerous search warrants in the conduct of criminal investigations.

6. Based on SA Houser's training, experience, and prior knowledge, SA Houser's is familiar with the methods and procedures utilized by individuals involved in criminal activity, and SA Houser is capable of identifying evidence related to ongoing criminal conduct.

## CURRENT INVESTIGATION

7. On the week of January 19, 2026, SA Houser was notified by Natrona County Sheriff's Office Deputies, in reference to a pursuit which occurred in Natrona County with the driver being identified as Christopher GORE. Deputies informed SA Houser that GORE had been arrested and transported on criminal charges and that GORE's vehicle, a 2025 Nissan Rogue, had been secured and towed by E&F Towing to the E&F Towing secured lot. Deputies advised GORE was the sole occupant of the vehicle at the time of the incident and his arrest.

8. On the week of February 17, 2026, Agents with the Wyoming Division of Criminal Investigation (DCI), Central Enforcement Team (CEET), conducted a proffer interview with a known but unnamed confidential source. That person informed Agents that multiple individuals, including GORE, were directly involved with the distribution and acquisition of controlled substances within the State of Wyoming.

9. On February 26, 2026, SA Houser and Agents with DCI CEET were contacted by Detective Sergeant Jividen with the Natrona County Sheriff's Office, in reference to information provided by Gillette Wyoming Investigators pertaining to potential controlled substances located within the 2025 Nissan Rogue that had been towed by E&F following the arrest of GORE. Detective Sergeant Jividen then contacted E&F Towing at which time the company advised that the vehicle was still located and secured within their barbed wire, keypad-access-only lot, and had not been touched or accessed by any individuals and no one had arrived for the vehicle. The vehicle remained in the same spot as where E&F had placed it within the lot on the date of the impound.

10. Investigators requested a Deputy with a canine to conduct a free air sniff of the 2025 Nissan Rogue, to which the Deputy and canine partner conducted the free air sniff. E&F Towing allowed access to the Deputy. The Deputy informed Investigators that his canine had alerted to the presence of odor of controlled substances on the vehicle. Investigators with the Natrona County Sheriff's Office applied for and were granted a search warrant for the vehicle. Natrona County Sheriff's Office contacted SA Houser and Agents with DCI to assist with the execution of the search warrant.

11. Later that same day, SA Houser and Agents responded to the secured E&F Towing lot and were allowed in by employees to execute the search warrant within the secured area.

Upon executing the search warrant, Agents located a void from the side of the glove compartment which led to underneath the infotainment system of the vehicle. In that void, Agents observed a black smell proof pouch, containing two large bags of suspected methamphetamine. Once the bag was removed, Agents located a red Tupperware container containing a digital scale, with suspected methamphetamine residue. Behind that container was a glass jar also containing suspected methamphetamine as well as a green zipper pouch. Inside of the green zipper pouch was a sandwich baggie containing suspected methamphetamine as well as a magnetic ball container, to which inside was a singular pressed blue marked "M30" pill, believed to be counterfeit oxycodone containing fentanyl.

12. Throughout the vehicle, Agents located numerous documents belonging to GORE with GORE's name to include Hotel receipts, adult store receipts, and car rental information. Also located in the vehicle was a Springfield brand handgun, serial# GM889110 which was located under the driver's side seat and was observed to have a loaded magazine, as well as a 9mm round within the chamber of the firearm. It is noted on the side of the firearm that it was manufactured in the country of Croatia.

13. All items were documented and photographed as evidence and were collected and secured by DCI.

14. SA Houser and SA Birkle then responded to the Natrona County Detention Facility and spoke with GORE who was currently incarcerated at the detention facility. GORE was given his *Miranda* Advisement to which he advised he understood his rights and waived them wishing to speak with Agents. During the interview, GORE was informed of the findings within the vehicle, at which time GORE acknowledged the findings and stated

he was aware and wanted to locate them and bring them to Agents, and to get ahead of the issue before they had been located. GORE then changed his statement immediately and stated that his intention was to sell the controlled substances in order to take care of personal expenses and concerns.

15. Agents processed the suspected controlled substances found in the 2025 Nissan Rogue. The suspected methamphetamine was field tested and showed presumptive positive for methamphetamine, a Schedule II controlled substance. The presumptive positive methamphetamine was weighed and showed an unpackaged weight of approximately 560 grams of methamphetamine.

**END OF SWORN STATEMENT**

# PENALTY SUMMARY

**DEFENDANT NAME:**     **CHRISTOPHER GORE**

**DATE:**     March 27, 2026

**INTERPRETER NEEDED:**     No

**VICTIM(S):**     No

**OFFENSE/PENALTIES:**

**Ct: 1**     **21 U.S.C. § 841(a)(1), (b)(1)(A)**
(Possession with Intent to Distribute Methamphetamine)

10 Years To Life Imprisonment
Up To $10,000,000 Fine
Nlt 5 Years To Life Supervised Release
$100 Special Assessment

**Ct: 2**     **18 U.S.C. §§ 922(g)(1) and 924(a)(8)**
(Felon in Possession of a Firearm)

0-15 Years Imprisonment
Up To $250,000 Fine
3 Years Supervised Release
$100 Special Assessment

**TOTALS:**     10 Years to Life Imprisonment
Up to $10,250,000.00 Fine
5 Years To Life Supervised Release
$200 Special Assessment

**AGENT:**     Tyler Houser, WYDCI

**AUSA:**     Lance Johnston, Assistant United States Attorney

**ESTIMATED TIME OF TRIAL:**     1 to 5 days

**WILL THE GOVERNMENT
SEEK DETENTION IN THIS
CASE:**          Yes

**ARE THERE DETAINERS
FROM OTHER
JURISDICTIONS:**          Yes.  The Court should not grant bond as the Defendant is
not bondable.